UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMC MORTGAGE, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-01562-X |
| | § | |
| AMERICAN BANCSHARES MORTGAGE, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## **MEMORANDUM OPINION AND ORDER**

On June 27, 2019, the plaintiff EMC Mortgage, LLC (EMC) filed a complaint for indemnity against American Bancshares Mortgage, LLC (American Bancshares). The Court concludes that the Northern District of Texas is not the proper venue for this action, or that even if the Northern District of Texas is a proper venue it is not the best venue for this case. Barring any objections, the Court **TRANSFERS** this case to the U.S. District Court for the Southern District of Florida. The Court **GRANTS LEAVE** to the parties to file briefing stating their objections, if any, by Friday, January 10, 2020.

I.

The Court finds that the Northern District of Texas is not a proper venue for this case, and that the Southern District of Florida is. Therefore, the Court transfers venue under 28 U.S.C. § 1406(a).

1

A.

If a district court is not a proper venue for a civil action, it is authorized to *sua sponte* transfer a civil action to a district court that is a proper venue. Under 28 U.S.C. § 1406(a), a federal district court is authorized to transfer a "case laying venue in the wrong division" to "any district or division in which it could have been brought" if the court finds it is "in the interest of justice" to transfer the case.[1] A district court may raise the issue of venue *sua sponte* and has broad discretion in determining whether to transfer a case under section 1406(a).[2]

B.

To determine that this Court is not a proper venue for this case, the Court analyzes EMC's failure to plead venue properly under 28 U.S.C. § 1391.

i.

Unless a plaintiff pleads venue specifically under another federal statute, 28 U.S.C. § 1391 is the statute that governs "the venue of all civil actions brought in district courts of the United States."[3] Under Section 1391(b), a judicial district is a proper venue in only three instances. First, a judicial district is a proper venue if within it "any defendant resides, if all defendants are residents of the State in which the district is located."[4] Second, a district is a proper venue if it is where "a substantial part of the events or omissions giving rise to the claim occurred" or if it is

---

[1] 28 U.S.C. § 1406(a); *see Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)).

[2] *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

[3] 28 U.S.C. § 1391(a)(1).

[4] *Id.* § 1391(b)(1).

where "a substantial part of the property that is the subject of the action is situated."[5] Third, a district is a proper venue if "any defendant is subject to the court's personal jurisdiction" regarding the civil action there and "there is no district in which an action may otherwise be brought as provided in this section."[6]

ii.

EMC pleads venue under Section 1391. Specifically, EMC alleges that venue "is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this District."[7] But under Section 1391, the conduct of business is not a factor courts use to determine the propriety of venue. Instead, the statute requires the Court to look first to the residency of the defendant or the location of the actions giving rise to the claim (or, if applicable, the location of the property that is the subject of the claim).

Under the Section 1391 analysis, the Court concludes that the Northern District of Texas is not a proper venue for this civil action. First, EMC pleads no facts that demonstrate American Bancshares is a resident of Texas, specifically within the jurisdiction of the Northern District of Texas. Instead, according to its complaint, American Bancshares is a limited liability company whose members reside in and are citizens of the state of Florida. Second, EMC pleads no facts demonstrating that any alleged events or omissions of American Bancshares giving rise to EMC's claims occurred within the Northern District of Texas. Instead, according to American

---

[5] *Id.* § 1391(b)(2).

[6] *Id.* § 1391(b)(3).

[7] Plaintiff EMC Mortgage, LLC's *Complaint for Indemnity* ¶ 4 [Doc. No. 1].

Bancshares' pending motion to dismiss, the real property that secured the loan that American Bancshares sold to EMC is in Pinecrest, Florida. Additionally, that property's foreclosure sale (resulting from the loan borrower's default, which American Bancshares allegedly promised EMC to indemnify) occurred in Miami-Dade County, Florida. Pinecrest is in Miami-Dade County, which is within the Southern District of Florida.

Because American Bancshares appears to reside in Florida, and because a substantial amount of the actions giving rise to this litigation occurred in (and the property that originally secured the loan that is the subject of this litigation is in) Miami-Day County, Florida, the Court concludes that the Southern District of Florida is a proper venue for this action. Even if the Northern District of Texas may have personal jurisdiction over American Bancshares (a fact that EMC has asserted but has not demonstrated), the Court cannot base venue on Section 1391(b)(3) if another venue is already proper under Section 1391(b)(1) or (b)(2). And the Southern District of Florida is a proper venue under either of these provisions.

II.

Even if the Northern District of Texas is a proper venue for this case, the Southern District of Florida is a better venue. Therefore, if applicable, the Court transfers venue under 28 U.S.C. § 1404(a).

A.

Even if a district court is a proper venue for a civil action, it is authorized to *sua sponte* transfer a civil action to a district court that is a better venue for the case.

4

Under 28 U.S.C. § 1404(a), a district court may "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice[.]"[8] This statute codifies "the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system."[9] "In cases where there is no forum-selection clause, district courts 'must evaluate both the convenience of the parties and various public-interest considerations.'"[10] District courts analyze Section 1404(a) transfers with private- and public-interest factors:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." The Court must also give some weight to the plaintiffs' choice of forum.[11]

Decisions to "effect 1404 transfers are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."[12]

---

[8] 28 U.S.C. § 1404(a); *see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be made *sua sponte*." (citing *Jarvis Christian Coll. v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir. 1988))).

[9] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. D. of Tex.*, 571 U.S. 49, 60 (2013).

[10] *DSA Promotions, LLC v. Vonage Am., Inc.*, No. 3:17-CV-3055-D, 2018 WL 1071278, at *2 (N.D. Tex. Feb. 27, 2018) (Fitzwater, J.) (quoting *Atl. Marine*, 571 U.S. at 62).

[11] *Atl. Marine*, 571 U.S. at 62, n. 6 (internal citations omitted).

[12] *Mills*, 886 F.2d at 761 (quoting *Jarvis Christian Coll.,* 845 F.2d at 528).

B.

Assuming without deciding that the Northern District of Texas is a proper venue for this case—or that the parties have no forum selection clause that would make the Northern District of Texas the only proper venue—the Court uses private- and public-interest factors to determine that the Southern District of Florida is a better venue for this case.

i.

The Court first considers private-interest factors. First, American Bancshares is a Florida citizen. As a limited liability company, all its members are Florida residents and citizens. Second, the loan that is the subject of this litigation was secured by real property in—and that was sold in a foreclosure sale in—Miami-Dade County, Florida. Third, any corporate representatives that will testify on behalf of American Bancshares are likely located in Florida. In sum, the parties—in particular, the defendant—have no apparent connection to Texas, but they do have substantial ties to Florida. Therefore, a transfer best serves the parties.

ii.

The Court also considers public-interest factors. First, because Miami-Dade County is where the defendant, the real property that once secured the loan at the center of this case, and where many deponents or witnesses are likely located, it is in the public's interest for this controversy to be resolved locally. Second, because this case is before the federal court under diversity jurisdiction, it is important for the proper state law to be applied. The parties have provided no justification for why the

Northern District of Texas is the better venue for this case or why Texas law applies to this dispute. Barring any objections, the Court determines that Florida law likely applies to this dispute and so a transfer to the Southern District of Florida is in the interest of justice.

III.

For these reasons, barring any objections, the Court **TRANSFERS** this case to the U.S. District Court for the Southern District of Florida. The Court **GRANTS LEAVE** to the parties to file briefing providing their objections, if any, by Friday, January 10, 2020.

**IT IS SO ORDERED** this 2nd day of January 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE